**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00100-CV**
_____

**IN THE INTEREST OF T.R.H. JR.**

════════════════════════════════════════════════════════════

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CV0901264**

════════════════════════════════════════════════════════════

**MEMORANDUM OPINION**

The appellant, Desireé Heller, filed a notice of appeal from the trial court's temporary order, which the trial court signed on February 12, 2020. We questioned our jurisdiction over the appeal and instructed the appellant to respond by identifying the statute or rule that she was relying upon to authorize an appeal from an interlocutory order. In the same letter, we warned the parties the Court would dismiss the appeal unless we could determine that jurisdiction existed over Heller's appeal.

1

Heller responded by filing an amended notice of appeal. In her amended notice, she stated she wants to appeal from an order the trial court signed on March 12, 2020. In that order, the trial court denied Heller's motion to enforce her right to have visitation with the child who is the subject of the proceedings. After filing the amended notice, Heller filed a response to this Court's earlier request, claiming she was appealing from the order the trial court signed in March and not from the one the trial court signed in February

Generally, courts of appeal have jurisdiction to review final judgments and interlocutory orders that the Legislature made appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Heller's response fails to establish she is seeking to appeal from an order that she has the right to appeal. *See* Tex. R. App. P. 42.3(a)

For these reasons, we dismiss Heller's appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on April 15, 2020
Opinion Delivered April 16, 2020

Before Kreger, Horton, and Johnson, JJ.

2